UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00407

**John Clemons,**
*Plaintiff,*

v.

**Pearl Jackson,**
*Defendant.*

# ORDER

Plaintiff John Clemons, an inmate of the Texas Department of Criminal Justice proceeding pro se, brings this tort action in federal court. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

On October 30, 2024, the magistrate judge issued a report recommending that this case be dismissed without prejudice for lack of subject-matter jurisdiction. Doc. 5. A copy of the report was mailed to plaintiff, who filed a motion to amend and a motion to change venue, which the court considers collectively to be written objections to the report. Docs. 6, 7.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge explained that plaintiff has not established any federal jurisdiction over his claims arising from a financial dispute with a former fellow inmate. Doc. 5 at 1–2.

Plaintiff's objection to the report does not refute that finding. Instead, plaintiff asserts that he intended to file his complaint in state court in Smith County. Doc. 6 at 1. He seeks leave to amend his complaint to assert that court's jurisdiction and to have this case transferred to Smith County. Docs. 6, 7.

Federal courts have authority to transfer cases to other federal courts, 28 U.S.C. §§ 1404, 1406, or to remand cases to state court

after they are filed there and removed to federal court. 28 U.S.C. § 1447(c). But "a district court does not have the authority . . . to remand or transfer a case to state court if the matter was not initially filed in state court and subsequently removed to federal court." *Foster v. Graves*, 428 F. App'x 348, 351 (5th Cir. 2011) (unpublished) (citing *Moye v. Clerk, De Kalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Accordingly, the court lacks the power grant plaintiff's motion for transfer, and his proposed amendment to assert the jurisdiction of another court would be futile here.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objection and accepts the report's findings and recommendation. This case is dismissed without prejudice for lack of subject-matter jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on February 6, 2025.*

J. CAMPBELL BARKER
United States District Judge